IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **DEREK R. HAMILTON,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| v. | §     CAUSE NO. |
| | § |
| **MARK ACUNA and JEFF DAVIS d/b/a** | § |
| **THE DAVIS LAW FIRM,** | § |
| | § |
| **Defendants.** | § |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. sections 1332(a) and 1441(b), Defendants Mark Acuna and Jeff Davis d/b/a The Davis Law Firm (hereinafter collectively referred to as "Defendants"), by and through their counsel of record, O'BRIEN & PADILLA, P.C., by Daniel J. O'Brien and Justin D. Goodman, hereby gives notice of the removal of the above-captioned action from the Second Judicial District Court, State of New Mexico, County of Bernalillo to the United States District Court for the District of New Mexico on the basis of diversity jurisdiction. The Defendants so remove with the consent of all joined Defendants to this action. Defendants state as follows:

**I.  THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

1. Defendants are named in a civil action pending in the Second Judicial District Court for Bernalillo County, New Mexico, entitled *Derek R. Hamilton v. Mark Acuna and Jeff Davis d/b/a The Davis Law Firm;* Cause No. D-202-CV-2015-01655 (hereinafter referred to as the "State Court Action"). True and correct copies of all process, pleadings, and orders served on Defendants in the State Court Action are attached hereto as *Exhibit A* as required by 28 U.S.C.§ 1446(a).

2. The State Court Action, the First Amended Complaint for Legal Malpractice and Violation of Unfair Trade Practices ("First Amended Complaint") was filed and served on May 26, 2015. Defendants have not answered the First Amended prior to this Notice of Removal. The First Amended Complaint did not specify the amount of damages sought by Plaintiff.

3. Plaintiff's First Amended Complaint alleges that Plaintiff was in an accident on January 31, 2011. *First Amended Complaint* ¶ 4.

4. Plaintiff's First Amended Complaint alleges that Plaintiff signed a fee agreement which obligated him to pay a 45% contingency fee agreement if the action was filed. *First Amended Complaint* ¶ 7.

5. Plaintiff's First Amended Complaint alleges that Defendants "were negligent and fell below the standard of care for attorneys in New Mexico by, among other things, failing to properly prepare the client for deposition, failing to review records, failing to identify proper experts, failing to prepare experts, failing to file motions related to the defendant's expert(s), failing to timely identify elements of damages and otherwise failing to handle the client's case with reasonable care. " *First Amended Complaint* ¶ 9.

6. Plaintiff's First Amended Complaint further alleges damages from Count One –Legal Malpractice and Count Two – Unfair Trade Practices Act including loss of value, loss of opportunity, treble damages and attorney fees. *First Amended Complaint,* generally.

7. In light of Plaintiffs' allegations contained in his First Amended Complaint and upon further information and belief, Plaintiff's seeks damages in excess of $75,000.

8. Removal of this action is timely pursuant to 28 U.S.C.S. Sections 1441 and 1446(b)(3), because this Notice was filed within 30 days of service of a copy of an amended pleading and within one (1) year of the commencement of the action.

9. All Defendants who have been properly joined and served, have provided their express, written consent to this removal, pursuant to 28 U.S.C.S. Section 1446(b)(2)(A).  *See Exhibits* B and C.

10. Venue is proper in this Court pursuant to 28 U.S.C.S. Section 1441(a), because it is the District Court and division embracing the place where this action is pending.

11. Pursuant to 28 U.S.C.S. Section 1446(d), a copy of this Notice of Removal is being served upon the counsel for Plaintiffs and a copy is being filed with the Clerk of Court for the Second Judicial District, County of Bernalillo, State of New Mexico.

12. Pursuant to D.N.M. LR-Civ. 81.1, these Defendants will file legible copies of records and proceedings from the state court action within twenty-eight (28) days after filing this Notice of Removal.

13. Under the applicable provisions of 28 U.S.C.S. Sections 1441 and 1446(b) and other applicable statutes and rules, all of which these Defendants have complied with, this cause of action is removable to the United States District Court for the District of New Mexico.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C.S. SECTION 1332.

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C.S. Section 1332, because this is a civil action, there is complete diversity of citizenship of the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

**A. The Complete Diversity of Citizenship Requirement is Satisfied.**

15. There is complete diversity of citizenship between Plaintiffs and Defendants.

16. Upon information and belief, Plaintiff is a resident and citizen of Bernalillo County, New Mexico. *First Amended Complaint,* ¶ 1.

17. Defendant Mark Acuna is a resident citizen of Texas. *First Amended Complaint,* ¶ 2.

18. Defendant Jeff Davis is a resident citizen of Texas. *First Amended Complaint,* ¶ 2.

19. Defendant the Davis Law Firm does business in both New Mexico and Texas. *First Amended Complaint,* ¶ 2.

**B. The Amount in Controversy Requirement is Satisfied.**

20. To confer subject matter jurisdiction on this Court based upon diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C.S. § 1332(a).

21. A removing defendant claiming diversity jurisdiction must prove facts supporting an amount in controversy exceeding $75,000 by a preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) (citing *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001)).

22. Plaintiff's First Amended Complaint alleges that Plaintiff suffered monetary damages including loss of value, loss of opportunity, treble damages and attorney fees. *First Amended Complaint,* generally. Upon further information and belief, Plaintiff seeks damages in the amount over $75,000 as required by 28 U.S.C.S. § 1332(a).

23. While Defendants dispute the factual and legal merits of Plaintiff's claims raised in the First Amended Complaint, based on the allegations raised on the face of the First Amended Complaint and as demonstrated by a preponderance of the evidence, the

amount in controversy is greater than $75,000 and thus the amount in controversy requirement of 28 U.S.C.S. Section 1332(a) is satisfied.

WHEREFORE, Defendants respectfully remove this action from the Second Judicial District Court, County of Bernalillo, State of New Mexico, Cause No. D-202-CV-2015-01655, to this Court, pursuant to 28 U.S.C.S. Sections 1332, 1441, and 1446.

Respectfully submitted,

O'BRIEN & PADILLA, P.C.

By: */s/ Daniel J. O'Brien*
DANIEL J. O'BRIEN
JUSTIN D. GOODMAN
Attorneys for Defendants
6000 Indian School Rd. N.E., Suite 200
Albuquerque, NM 87110
(505) 883-8181

I HEREBY CERTIFY that a true and correct copy
of the foregoing was mailed to counsel for Plaintiff,
Daymon B. Ely at 1228 Central Ave. SW, Albuquerque,
NM 87102 this 9th day of June, 2015.

*/s/ Daniel J. O'Brien*
DANIEL J. O'BRIEN
JUSTIN D. GOODMAN