IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEREK R. HAMILTON,

    Plaintiff,

v.                                                                       CIV 15-0484 KBM/SCY

MARK ACUNA and JEFF DAVIS,
d/b/a THE DAVIS LAW FIRM,

    Defendants.

## ORDER

THIS MATTER comes before the Court on Defendants' Partial Motion for Summary Judgment Regarding Defendants' Contingency Fee Structure (*Doc. 57*) and Plaintiff's Corrected Motion in Limine (*Doc. 62*). The Court considered the submissions of the parties as well as all pertinent authority, and heard oral argument on Thursday, June 09, 2016. For the reasons stated at the hearing,

IT IS HEREBY ORDERED that Defendants' Motion for Partial Summary Judgment (*Doc. 57*) is **denied**. The Court finds that genuine disputes of material fact preclude summary judgment as to the unconscionability of Defendants' fee structure under New Mexico's Unfair Trade Practices Act ("UPA"). Fed. R. Civ. P. 56(a); *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1137 (10th Cir. 2016) (stating that an issue of fact is genuine "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." (citation omitted)). Defendants are also not entitled to judgment as a matter of law on the basis that Plaintiff suffered no actual damages under the fee structure. While the statutory language of the UPA requires proof of damages, New Mexico case law clearly permits the recovery of statutory damages even in the absence of

actual damages. *Compare* NMSA 1978, § 57-12-10(B) *with Page & Wirtz Cont. Co. v. Solomon*, 1990-NMSC-063, ¶ 23, 794 P.2d 349, 110 N.M. 206; *Jones v. General Motors Corp.*, 1998-NMCA-020, ¶ 23, 953 P.2d 1104, 124 N.M. 606; *see also Pedroza v. Lomas Auto Mall, Inc.*, 663 F. Supp. 2d 1123, 1130-35 (D.N.M. 2009) (Browning, J.) ("This interpretation may conflict with what the statute appears to require. When the highest court of a state has spoken, however, it is not the Court's job to second guess that decision.").

IT IS FURTHER ORDERED that Plaintiff's Corrected Motion in Limine (*Doc. 62*) is **denied**. The Court finds that Mr. Eaton's conduct in handling the uninsured motorist portion of Plaintiff's case is relevant to his credibility as an expert on the standard of care in this legal malpractice action. Fed. R. Evid. 401; Fed. R. Evid. 607. However, to ensure that such evidence is restricted to its proper scope, the Court will address Plaintiff's proposed limiting instructions in conjunction with the rest of the instructions to be issued in this case closer to trial. Fed. R. Evid. 105.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent