IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEREK R. HAMILTON,

    Plaintiff,

v.                                                                                                                                        No. Civ. 15-484 KBM/SCY

MARK ACUNA, JEFF DAVIS
d/b/a DAVIS LAW FIRM,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Plaintiff's Motion for Order for Attorney Witness [Lance Richards] to Produce Mediation Letter to Magistrate (ECF No. 55) and Plaintiff's Motion in Limine to Exclude Lance Richards' Testimony (ECF No. 65) due to his failure to produce the mediation letter. For the reasons set forth below, the Court concludes that Plaintiff's motions are not well-taken and shall be **denied**.

**I. Background**

This is a legal malpractice and Unfair Trade Practice Act suit brought by Plaintiff Derek Hamilton against his former attorneys, Defendants Mark Acuna and Jeff Davis d/b/a The Davis Law Firm. ECF No. 1-1. Defendants represented Plaintiff in a lawsuit brought by Plaintiff against a trucking company and its driver for injuries arising from a 2011 vehicular accident (hereinafter "underlying suit"). *Id.*; *See Hamilton v. Allen et al.*, 1:13-cv-00018 SMV/KK.[1] During the course of the underlying suit, Plaintiff terminated his agreement with Defendants and hired a different attorney, Roger Eaton, to represent him in the matter. ECF No. 57 at 3. Lance Richards was the defense attorney in the underlying suit. ECF No. 65 at 1. The underlying case

---

[1] This Opinion references documents filed in the underlying suit. Citations to these documents will be in the following format: ECF No. x (13-cv-00018).

ultimately settled during a settlement conference United States Magistrate Judge Kirtan Khalsa held on February 5, 2015. *See* ECF No. 128 (13-cv-00018). Prior to the settlement conference, Judge Khalsa ordered the parties to each "submit to the Court, in confidence, a concise position statement." ECF No. 117 (13-cv-00018).

In this current action, Plaintiff now seeks the confidential position statement (hereinafter "letter") that Judge Khalsa ordered defense attorney Lance Richards to submit in advance of the settlement conference in the underlying suit. Plaintiff first requested this confidential letter through a notice of deposition in which he asked Mr. Richards to bring his "entire file [of the underlying suit] to the extent not covered by the attorney-client privilege." ECF No. 55, Ex. 1. When Plaintiff's counsel deposed Mr. Richards on March 10, 2016, Mr. Richards did not bring the confidential letter, and in response to questioning by Plaintiff's counsel regarding his failure to do so, stated that he would not disclose the letter because:

> I would consider that confidential. I believe Judge Khalsa's request or order makes it known that it's confidential. I sent Judge Khalsa a similar submission just this week, and I remember mentioning that it was confidential. And it's also confidential in that it's produced to my client.

*See* Richards Depo. 6:17-22, Mar. 10, 2016 (ECF No. 55, Ex. 2). On March 23, 2016, Plaintiff filed a motion asking that the Court enter an order compelling Mr. Richards to produce the letter. ECF No. 55. Defendants did not file a response to this motion. Subsequently, on May 18, 2016, Plaintiff filed a motion in limine seeking to exclude Mr. Richards as a witness at trial due to his refusal to produce the letter. ECF No. 65. Defendants filed a response in opposition. ECF No. 67.

## II. Analysis

Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Plaintiff contends that he is entitled to Mr. Richards's letter because it is not covered by the attorney-client privilege. ECF No. 55 at 1. Specifically, he argues that since the letter was produced to someone other than his client, it is not covered by the privilege and is therefore discoverable. The Tenth Circuit has stated that "[t]he attorney-client privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor." *In re Grand Jury Proceedings*, 616 F.3d 1172, 1182 (10th Cir. 2010) (citations and internal quotation marks omitted). In order for the communication to be subject to the attorney-client privilege, "the communication between a lawyer and client must relate to legal advice or strategy sought by the client." *Id.* The privilege also protects attorney-to-client communications that "would have a tendency to reveal the confidences of the client." Here, because the letter was directed to someone with whom Mr. Richards had no attorney-client relationship - Judge Khalsa - the letter is not protected by the attorney-client privilege.

However, Mr. Richards did not refuse to disclose the letter solely on the basis of attorney-client privilege; he also asserted that it is protected by the confidentiality provision of Judge Khalsa's order regarding the settlement conference in the underlying suit. Thus, the dispositive question before the Court is whether Mr. Richards may rely on Judge Khalsa's order that he create and then provide to her a confidential letter as a basis for now refusing to provide the same confidential letter to Plaintiff.[2]

---

[2] The Court reads Judge Khalsa's order to submit a position paper in confidence as giving the author of the letter the choice of disclosing or not disclosing the letter to a third party.

The need for confidentiality in the settlement process is well-established. In this district, where the local rules require parties in a civil suit to participate in a settlement conference except in limited circumstances, confidentiality serves a critical function in the proper functioning of the settlement process. *See In re Anonymous*, 283 F.3d 627, 636 (4th Cir. 2002) (stating that "the assurance of confidentiality is essential to the integrity and success of the Court's mediation program, in that confidentiality encourages candor between the parties and on the part of the mediator, and confidentiality serves to protect the mediation program from being used as a discovery tool for creative attorneys."). "In order for settlement talks to be effective, parties must feel uninhibited in their communications. Parties are unlikely to propose the types of compromises that most effectively lead to settlement unless they are confident that their proposed solutions cannot be used on cross examination, under the ruse of 'impeachment evidence,' by some future third party." *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003). Under New Mexico law, the Mediation Procedures Act (the "MPA") states, except as otherwise provided,[3] "all mediation communications are confidential, and not subject to disclosure and shall not be used in any proceeding." *See* NMSA 1978, § 44-7B-4 (2007); *Cf. THI of New Mexico at Valle Norte, LLC v. Harvey*, 572 F. App'x 665, 670-71 (10th Cir. 2013) (holding that written and nonverbal statements a law firm made during a court-ordered mediation in the underlying action were inadmissible in a subsequent malicious abuse of process suit under the MPA) (unpublished).[4] This authority weighs against the disclosure of Mr. Richards's letter.

---

[3] None of the exceptions are applicable in this case. *See* § 44-7B-5. Although there is an exception for professional misconduct or malpractice, it is limited to conduct that occurred "during the mediation and filed against a mediation party or nonparty participant." *Id.*

[4] The Court may cite to an unpublished decision to the extent its reasoned analysis has persuasive value with respect to a material issue. *See* 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").

The fact that Judge Khalsa, under the promise of confidentiality, ordered Mr. Richards to create a document that memorialized his mental impressions is also significant. Significant first because the information sought – Mr. Richards's mental impressions – is private information; significant second because the Court ordered its creation and, therefore, maintains an interest in its protection. These circumstances distinguish the document Plaintiff seeks from pre-existing documents Mr. Richards's clients might have voluntarily created for some business purpose and that did not enjoy the Court's promise of confidentiality at the time of their creation. *See, e.g.*, 1 *Mediation: Law, Policy, and Practice* § 8:32 (2015) (indicating that when balancing the burden of production of settlement materials against the discovering party's need, "[t]he balancing is more heavily weighted against the party seeking discovery if a court in another action has issued a protective order against disclosure of the materials.").

Mr. Richards's clients' status as non-parties in the present lawsuit also affords the document Plaintiff seeks greater protection. Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure. *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662-63 (D. Kan. 2003) (unpublished).  Thus, the confidentiality interests of the Court and Mr. Richards's clients must be balanced against Plaintiff's need for the letter.

While Plaintiff's desire for the letter may be high, Plaintiff's need for the letter is minimal. Plaintiff has already been able to obtain a great deal of information from Mr. Richards through the deposition of Mr. Richards. Plaintiff had the opportunity to ask Mr. Richards to provide the same information to him that Judge Khalsa asked Mr. Richards to provide to her, including Mr. Richards's opinion about the strengths and weaknesses of the underlying case.

Indeed, Plaintiff acknowledges that, "Mr. Richards described the letter" during his deposition. ECF No. 65 at 1. Thus, the actual letter would provide Plaintiff with little, if any, additional information. Further, as Plaintiff's motion to exclude Mr. Richards as a witness demonstrates, Plaintiff does not intend to call Mr. Richards as a witness but, rather, views him as an adverse witness. Plaintiff, therefore, does not need the letter to prove his case.

Instead, it appears that Plaintiff seeks the letter because he hopes that the letter may have some impeachment value. For instance, it is possible that the letter might contain a statement inconsistent with something Mr. Richards might say during his testimony at trial. Plaintiff's hope that the letter might have some impeachment value at trial, depending on how Mr. Richards testifies at trial, does not present a compelling reason to order disclosure of the letter. To the extent Mr. Richards testifies at trial in a manner inconsistent with his deposition testimony Plaintiff, of course, may impeach Mr. Richards with this prior deposition testimony. Moreover, to the extent Plaintiff wishes to impeach Mr. Richards about Mr. Richards's estimation of the underlying case, Plaintiff's expert, if he disagrees with Mr. Richards, can provide contradictory testimony.

Based on the foregoing, the Court will **DENY** Plaintiff's motion (ECF No. 55) for an order compelling Mr. Richards to produce the letter. Because Mr. Richards's refusal to provide the letter is the only reason Plaintiff seeks to exclude his testimony at trial, the Court will likewise **DENY** Plaintiff's motion in limine (ECF No. 68) to exclude Mr. Richards's testimony.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE